1  Kent J. Schmidt (SBN 195969)
   schmidt.kent@dorsey.com
2  Jessica M. Leano (SBN 323677)
   leano.jessica@dorsey.com
3  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626-7655
   Telephone:  (714) 800-1400
5  Facsimile:  (714) 800-1499

6  Attorneys for Defendant Luxy Hair Co.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUXY HAIR CO., a Nova Scotia company and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO:  '23CV0657 LAB BLM<br><br>[San Diego County Superior Court Case No. 37-2023-00008628-CU-CR-CTL]<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT - FEDERAL QUESTION**<br><br>**[28 U.S.C. §§ 1331, 1441 AND 1446]**<br><br>[Filed Concurrently with Declaration of Kent J. Schmidt, Civil Case Cover Sheet, Certificate of Interested Parties, and Appendix of State Court Filings]<br><br>Complaint Filed:  March 8, 2023<br>Trial Date:  Not set |

/ / /

/ / /

/ / /

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Luxy Hair Co. ("Luxy" or "Defendant") hereby removes this action, originally filed in the Superior Court of the State of California for the County of San Diego. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. section 1331 because Plaintiff's sole cause of action is based on an alleged violation of the Video Privacy Protection Act of 1988, 18 U.S.C. section 2710 et seq., and the action therefore arises exclusively under federal law.

Removal is therefore proper pursuant to 28 U.S.C. sections 1441(a), (c)(1)(A) and 1446, for the reasons explained more fully below.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

1. On March 8, 2023, Plaintiff Rebekah Rodriguez ("Plaintiff") commenced an action by filing a Complaint in the Superior Court of the State of California for the County of San Diego, titled *Rebekah Rodriguez v. Luxy Hair Co.*, Case No. 37-2023-000086280-CU-CR-CTL (the "State Court Action").

2. The Complaint asserts a single cause of action against Luxy for an alleged violation of the Video Privacy Protection Act of 1988 ("VPPA"), 18 U.S.C. section 2710 et seq.

3. True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet from the State Court Action are attached as Exhibits A, B, and C to the Declaration of Kent J. Schmidt ("Schmidt Decl.") and the Appendix of State Court Filings ("Appendix"). Exhibits D and E to the same are true and correct copies of the Notice of Case Management Conference and Stipulation to Use Alternative Dispute Resolution (ADR) served with the Summons and Complaint. Exhibits F and G are true and correct copies of the filed Proof of Service and Register of Actions from the State Court Action.

4. Luxy is unaware of any other proceedings in the State Court Action and has not entered an appearance in the State Court Action prior to filing this Notice of Removal ("Notice"). Schmidt Decl., ¶¶ 5-6.

## II. GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION UNDER THE VIDEO PRIVACY PROTECTION ACT OF 1988, 18 U.S.C. SECTION 2710 ET SEQ.

5. An action can be removed from state court to federal court if it could have originally been filed in federal court. 28 U.S.C. § 1441(a).

6. This Court has original subject matter jurisdiction to adjudicate "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Accordingly, a defendant may remove an action to federal court under 28 U.S.C. sections 1331 and 1441(a) if the plaintiff's "well-pleaded complaint" presents a federal question, such as a cause of action "arising under" or created by federal law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Indep. Living Ctr. of S. Cal., Inc. v. Kent (Kent)*, 909 F.3d 272, 278 (9th Cir. 2018) (noting that federal courts have jurisdiction to hear "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

9. Plaintiff asserts a single cause of action under the VPPA, a federal statute. Specifically, the Complaint contends that Luxy violated the VPPA by "knowingly disclos[ing]" Plaintiff's personally identifiable information to Meta to "use that data to build audiences" and retarget Plaintiff for advertising campaigns" on Meta without Plaintiff's "informed, written consent." Schmidt Decl., Ex. A, ¶¶ 28-34.

10. The State Court Action is therefore removable under 28 U.S.C. sections 1331 and 1441(a) because it arises exclusively under a federal statute, 18 U.S.C. section 2710 et seq. *See Caterpillar*, 482 U.S. at 392; *Kent*, 909 F.3d at 278.

## III. THE PROCEDURAL REMOVAL REQUIREMENTS ARE SATISFIED.

11. As set forth above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1331 because it "aris[es] under the Constitution, laws or

treaties of the United States," in particular, the federal VPPA. Luxy is thus entitled to remove the State Court Action to this Court under section 1441(a).

### A.     This Notice of Removal is Timely Filed.

12.     A notice of removal may be filed within thirty days of service of the summons and complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint."). The Proof of Service filed by Plaintiff indicates that Luxy was served with the Summons and Complaint by substituted service on March 14, 2023. *See* Schmidt Decl., ¶ 4. This Notice is timely under section 1446(b) because it is filed within thirty (30) days of such service.

### B.     Venue is Proper.

13.     Removal to the Southern District of California is proper because it is the federal district embracing the San Diego Superior Court, where Plaintiff filed the State Court Action. 28 U.S.C. § 1446(a) (requiring the notice of removal to be filed in the district court of the United States for the district in which the state court action is pending); *Id.* § 84(d) (confirming that the Southern District encompasses San Diego County).

### C.     Notice of Filing.

14.     Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of San Diego and served upon counsel for Plaintiff.

15.     As required by 28 U.S.C. section 1446(a), true and correct copies of all documents from the State Court Action are being filed along with this Notice of Removal, and are attached to the Appendix and Schmidt Declaration as Exhibits A though G.

### D.     No Other Defendants or Prior Removals.

16.     There are no other defendants named in the Complaint, and Luxy is not aware of any Doe defendants being named as a party to Plaintiff's Complaint. The fictitious parties identified as "DOES 1 through 10, inclusive" may therefore be disregarded for the purpose of this removal, and there are no other defendants to join Luxy in this Notice. *See*

*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (recognizing that unidentified defendants may be disregarded for purposes of removal).

17. No previous Notice has been filed in relation to the State Court Action. *See* Schmidt Decl., ¶ 6.

**IV.   CONCLUSION**

18. For the foregoing reasons, federal jurisdiction exists pursuant to 28 U.S.C. section 1331, and this action is removable to this Court pursuant to 28 U.S.C. sections 1441(a), (c)(1)(A), and 1446.

Dated:  April 11, 2023                             DORSEY & WHITNEY LLP

                                                                    By: _____
                                                                            KENT J. SCHMIDT
                                                                            JESSICA M. LEANO
                                                                            Attorneys for Defendant Luxy Hair Co.

# CERTIFICATE OF SERVICE

All Case Participants are *NOT* registered for the USDC CM/ECF System

*Rebekah Rodriguez v. Luxy Hair Co.,*
*USDC – Southern District of California*
Case No.: _____

**NOTICE OF REMOVAL OF ACTION TO THE**
**UNITED STATES DISTRICT COURT**
**[28 U.S.C. §§ 1331, 1441 AND 1446]**

    I hereby certify on April 11, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of California by using the CM/ECF System.

    Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

    Participants in the case who are not registered CM/ECF Users will be served by the following method:

Pacific Trial Attorneys                                                                *Via Overnight Delivery*
A Professional Corporation
Scott J. Ferrell
sferrell@pacifictrialattorneys.com
Victoria C. Knowles
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, STE 800
Newport Beach, CA 92660
Telephone:  (949) 706-6464 /
Facsimile:  (949) 706-6469

    I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

DATED:  April 11, 2023          DORSEY & WHITNEY LLP


By:  _____/s/ Kent J. Schmidt_____
           Kent J. Schmidt