Kent J. Schmidt (SBN 195969)
schmidt.kent@dorsey.com
Jessica M. Leano (SBN 323677)
leano.jessica@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendant Luxy Hair Co.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>LUXY HAIR CO., a Nova Scotia company and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: **'23CV0657 LAB BLM**<br><br>[San Diego County Superior Court Case No. 37-2023-00008628-CU-CR-CTL]<br><br>**DECLARATION OF KENT J. SCHMIDT IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT - FEDERAL QUESTION**<br><br>[Filed Concurrently with Notice of Removal, Civil Case Cover Sheet, Certificate of Interested Parties, and Appendix of State Court Filings]<br><br>Complaint Filed: March 8, 2023<br>Trial Date: Not set |

/ / /

/ / /

/ / /

## DECLARATION OF KENT J. SCHMIDT

I, Kent J. Schmidt, declare as follows:

1.    I am an attorney at law, duly licensed and admitted to practice before all of the courts of the State of California, and am a partner with the law firm of Dorsey & Whitney LLP, counsel of record for Defendant Luxy Hair Co. ("Luxy") in this action.  I submit this declaration in support of Luxy's Notice of Removal of Action to the United States District Court ("Notice of Removal").  I have personal knowledge of the facts set forth in this declaration, except as to those which are stated on information and belief, and could testify thereto if called upon to do so.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed on March 8, 2023 in *Rebekah Rodriguez v. Luxy Hair Co., a Nova Scotia company, and Does 1 through 10, inclusive*, Superior Court of California, County of San Diego Case No. 37-2023-00008628-CU-CR-CTL (the "State Court Action").

3.    The Complaint was served with a Summons, Civil Case Cover Sheet, Notice of Case Management Conference, and Stipulation to Use Alternative Dispute Resolution (ADR), true and correct copies of which are attached hereto as **Exhibits B, C, D, and E**, respectively.

4.    The Register of Actions for the State Court Action reflects that Plaintiff Rebekah Rodriguez ("Plaintiff") filed a Proof of Service on March 27, 2023.  Attached as **Exhibit F** is a true and correct copy of the filed Proof of Service downloaded from the docket, which indicates that Luxy was served by substitute service on March 14, 2023. Attached as **Exhibit G** is a true and correct copy of the Register of Actions.

5.    Other than what is reflected in Register of Actions, I am not aware of any other proceedings that have taken place in the State Court Action.

6.    Luxy has not entered an appearance in the underlying action prior to filing this Notice of Removal. Nor has any previous Notice of Removal been filed in or made to this Court in connection with the State Court Action.

7.    As of this declaration's date, I am not aware of Plaintiff having served any

Doe defendant with a copy of the Summons and Complaint in the State Court Action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 11th day of April 2023, at Mission Viejo, California.

_____
Kent J. Schmidt

DECLARATION OF KENT J. SCHMIDT IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT A

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

03/08/2023 at 12:49:01 PM
Clerk of the Superior Court
By Brandon Krause,Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

REBEKAH RODRIGUEZ,

        Plaintiff,

        v.

LUXY HAIR CO., a Nova Scotia company and
DOES 1 through 10, inclusive,

        Defendants.

Case No.  37-2023-00009628-CU-CR-CTL

**COMPLAINT FOR VIOLATION OF THE VIDEO PROTECTION PRIVACY ACT**

COMPLAINT

## I.     INTRODUCTION

Whenever someone watches a video on www.luxyhair.com (the "Website"), Defendants secretly report all the details to Meta: the visitor's personally identifiable information ("PII"), the titles watched, and more. They do this so that the consumer can then be bombarded with more targeting advertising on Meta platforms such as Facebook.

As shown below, Defendants' actions violate the Video Privacy Protection Act of 1988, 18 U.S.C. §§ 2710 *et seq.* ("VPPA").   As such, Defendants are liable for statutory damages, an injunction, and related relief.

## II.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over all causes of action asserted herein.

2.     Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state."  As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3.     Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."  Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California."  Since this case "arises out of the operation of the website", California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## III.     PARTIES

4.     Plaintiff is an individual and a consumer advocate.

5.     Defendant is a for-profit e-commerce company that sells clip-in hair extensions directly from its website to consumers throughout the United States, including to customers in this County. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."

**Exhibit A, Page 5**

6.     Defendants own, operate, and or control the Website.  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will amend the Complaint to reflect the true names of the DOE Defendants when such identities become known.

## IV.     **FACTUAL ALLEGATIONS**

### A.     **THE FACEBOOK TRACKING PIXEL**

7.     Facebook is a social networking company where users are required to identify themselves by "the name they go by in everyday life."[1]

8.     To create a Facebook account, a user must provide first name, last name, date of birth and gender.[2]

9.     Facebook generates revenue by selling advertising space on its website based upon its ability to identify user interests.[3]  Facebook can identify user interests by monitoring "offsite" user activity, which allows Facebook to judge user interests beyond what users freely disclose.[4]

10.     Facebook enables advertisers to identify "people who have already shown interest in [their] business", which Facebook calls "Custom Audiences."[5] The Custom Audiences tool requires advertisers to supply user data to Facebook, and most do so via the Facebook Tracking Pixel.[6]

---

[1]  FACEBOOK, COMMUNITY STANDARDS, PART IV INTEGRITY AND AUTHENTICITY, https://www.facebook.com/communitystandards/integrity_authenticity (last visited February 2023).
[2]  FACEBOOK, SIGN UP, https://www.facebook.com/ (last visited February 2023).
[3]        FACEBOOK,        WHY        ADVERTISE        ON        FACEBOOK, https://www.facebook.com/business/help/20502906038706 (last visited February 2023).
[4]  FACEBOOK, AD TARGETING: HELP YOUR ADS FIND THE PEOPLE WHO WILL LOVE YOUR BUSINESS, https://www.facebook.com/business/ads/ad-targeting (last visited February 2023).
[5]        FACEBOOK,        ABOUT        EVENTS        CUSTOM        AUDIENCE, https://www.facebook.com/business/help/366151833804507?id=300360584271273        (last    visited February 2023).
[6]     FACEBOOK,     CREATE     A     CUSTOMER     LIST     CUSTOM     AUDIENCE, https://www.facebook.com/business/help/170456843145568?id=2469097533764     94     (last    visited February     2023);     FACEBOOK,     CREATE     A     WEBSITE     CUSTOM     AUDIENCE, https://www.facebook.com/business/help/1474662202748341?id=2469097953376494    (last    visited February 2023).

1    11.    The Facebook Tracking Pixel is a device included programming code that advertisers
2  can integrate into their website.  Once activated, the Facebook Tracking Pixel "tracks the people and
3  type of actions they take."[7]  When the Facebook Tracking Pixel captures an action, it sends a record to
4  Facebook, which Facebook then assimilates into the Custom Audiences dataset.

5    12.    Advertisers control what actions—or, as Facebook calls it, "events"— the Facebook
6  Tracking Pixel will collect, including the website's metadata, along with what pages a visitor views.[8]

7    13.    The Facebook Tracking automatically collects "HTTP Headers" and "Pixel-specific
8  Data."[9]  HTTP Headers collect "IP addresses, information about the web browser, page location,
9  document, referrer and persons using the website."[10]

10 **B.    DEFENDANTS ARE A "VIDEO TAPE SERVICE PROVIDER" UNDER THE VPPA.**

11    14.    Defendants are "engaged in the business of delivery of video cassette tapes or similar
12 audio-visual materials."  18 U.S.C. § 2710(a)(4).  Specifically, Defendants' business model involves
13 using pre-recorded videos and audio-visual materials to promote and monetize their products.

14    15.    Consistent with its business model, the Website hosts and delivers content including
15 videos:

16 **Figure 1**



24 [7] I
25 A]
   Bl
26 htt
   Fe
27 [9]
   vi:
28 [10]

---
- 4 -
COMPLAINT

**Exhibit A, Page 7**

16.     As such, Defendant is a Video Tape Service Provider under the VPPA.

**C.     DEFENDANT KNOWINGLY DISCLOSED PLAINTIFF'S PII TO FACEBOOK.**

17.     The VPPA defines PII to "include[]" "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3).   This means "information that would 'readily permit an ordinary person to identify a specific individual's video-watching behavior.' " *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017).

18.     Plaintiff has a Facebook account and watched a video on the website.   Defendants disclosed information that allows Meta (and any ordinary person) to readily identify Plaintiff's video-watching behavior, as shown by the below examplar of the information Defendant transmits to Meta when someone watches a video on the website:

**Figure 2**



**Exhibit A, Page 8**

1

Figure 3



2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Figure 4

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Exhibit A, Page 9

19.     Defendant's actions readily permit an ordinary person to identify Plaintiff's video-watching behavior.

**D.     PLAINTIFF IS A "CONSUMER" UNDER THE VPPA.**

20.     The VPPA defines the term "consumer" to mean "any renter, purchaser, or subscriber of goods or services from a video tape service provider[.]"  18 U.S.C. § 2710(a)(1).

21.     Plaintiff subscribes to Defendant's newsletter.  As such, Plaintiff is a "subscriber" and therefore a "consumer" under the VPPA.

22.     Plaintiff is a consumer privacy advocate with dual motivations for watching a video on Defendants' Website.  First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendants.  Second, Plaintiff is a "tester" who works to ensure that companies abide by the obligations imposed by federal law.  As someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified."  *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

23.     During the past year, Plaintiff visited the Website and watched one or more videos.

24.     When  Plaintiff watched videos on the Website, Defendants disclosed information that allowed Meta (and any ordinary person) to readily identify Plaintiff's video-watching behavior. Defendants did so knowingly and for the purpose of retargeting Plaintiff in connection with Facebook's advertising campaigns.  Defendants did not obtain the informed, written consent of Plaintiff to disclose PII concerning Plaintiff to third parties.

25.     Visitors would be shocked and appalled to know that Defendants secretly disclose to Facebook all of the key data regarding a visitor's viewing habits.

26.     Defendants' conduct is illegal, offensive, and contrary to visitor expectations:  indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

**27.     Plaintiff brings this matter as an individual action with the hope that Defendant will stop and fully remedy the illegal conduct.  If Defendant declines, Plaintiff will amend this**

Exhibit A, Page 10

Complaint to add additional Plaintiffs, assert claims on behalf of a nationwide class, or both.

## V.     CAUSE OF ACTION

### VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT

### 18 U.S.C. § 2710 *et seq.*

28.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

29.     Defendants are "video tape service provider[s]" that create, host, and deliver videos on the Website as set forth above.  Defendants use videos to collect viewers' PII so they can later retarget them for advertisements.

30.     Plaintiff is a "consumer" as set forth above.  18 U.S.C. § 2710(a)(1).

31.     As set forth above, Defendants knowingly disclosed Plaintiff's PII to Facebook that allows any ordinary person to readily identify Plaintiff's video-watching behavior.

32.     Defendants knowingly disclosed Plaintiff's PII because they used that data to build audiences on Facebook and retarget Plaintiff for Facebook's advertising campaigns.

33.     Defendants did not obtain the informed, written consent of Plaintiff to disclose PII concerning Plaintiff to third parties.

34.     Defendants' disclosures were not made in the "ordinary course of business" as the term is defined by the VPPA because they were not necessary for "debt collection activities, order fulfillment, request processing, [or] the transfer of ownership." 18 U.S.C. § 2710(a)(2).

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, individually and on behalf of all others similarly situated, as follows:

a.     For an order declaring that Defendants' conduct violates the VPPA;

b.     An award of statutory damages under the VPPA;

c.     For injunctive relief to stop the illegal conduct;

///

///

1       e.      For an order awarding Plaintiff's attorneys' fees; and

2       f.       For all such other relief, at law or in equity, as may be proper.

3

4   Dated: March 8, 2023                   PACIFIC TRIAL ATTORNEYS
                                            A Professional Corporation

5

6                                 By:_____

7                                    Scott J. Ferrell
                                        Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> LUXY HAIR CO., a Nova Scotia company and DOES 1 through 10, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> REBEKAH RODRIGUEZ, | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **03/08/2023** at 12:40:01 PM <br> Clerk of the Superior Court <br> By Brandon Krause, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO <br> 330 W. Broadway, San Diego, CA  92101 | CASE NUMBER: <br> 37-2023-00009628-CU-CR-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar #277231)
PACIFIC TRIAL ATTORNEYS, APC                                              Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE: <br> *(Fecha)* 03/08/2023 | Clerk, by <br> *(Secretario)* B. Krause | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **LUXY HAIR CO., a Nova Scotia company**

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use <br>
Judicial Council of California <br>
SUM-100 [Rev. July 1, 2009] <br>
**SUMMONS** <br>
Code of Civil Procedure §§ 412.20, 465 <br>
www.courtinfo.ca.gov <br>
*LexisNexis® Automated California Judicial Council Forms*

**Exhibit B, Page 14**

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar# 202091) / Victoria C. Knowles (Bar #277231) <br> PACIFIC TRIAL ATTORNEYS, A Professional Corporation <br> 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660 | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego |

TELEPHONE NO.: (949) 706-6464    FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS: 330 W. Broadway

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME:

CASE NAME:
Rodriguez v. Luxy Hair Co., et al.

**03/08/2023** at 12:49:01 PM <br> Clerk of the Superior Court <br> By Brandon Krause ,Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2023-00009628-CU-CR-CTL |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Keri Katz <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [X] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 8, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

**Exhibit C, Page 16**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      *LexisNexis® Automated California Judicial Council Forms*

Exhibit C, Page 17

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

PLAINTIFF(S) / PETITIONER(S):   Rebekah Rodriguez

DEFENDANT(S) / RESPONDENT(S):  Luxy Hair Co

RODRIGUEZ VS LUXY HAIR CO [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2023-00009628-CU-CR-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Keri Katz                                                          Department: C-74

## COMPLAINT/PETITION FILED: 03/08/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/11/2023 | 10:00 am | C-74 | Keri Katz |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

TIME FOR SERVICE AND RESPONSE: The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

ALTERNATIVE DISPUTE RESOLUTION (ADR): The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)          **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE**          Page: 1
**(CIVIL)**

**Exhibit D, Page 19**

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**Exhibit D, Page 20**

# EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:       Central | |

| PLAINTIFF(S):   Rebekah Rodriguez |
|---|
| DEFENDANT(S): Luxy Hair Co |
| SHORT TITLE:    RODRIGUEZ VS LUXY HAIR CO [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00009628-CU-CR-CTL |
|---|---|

Judge: Keri Katz                                          Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)             ☐ Non-binding private arbitration

☐ Mediation (private)                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)            ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                     Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/09/2023                          _____
                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

**Exhibit E, Page 22**

# EXHIBIT F

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address)<br>SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. (Optional): (949) 706-6469<br>E-MAIL ADDRESS (Optional): sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR (Name): PLAINTIFF | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/27/2023** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By E- Filing, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Rebekah Rodriguez<br><br>DEFENDANT/RESPONDENT: Luxy Hair Co., a Nova Scotia Company, et al. | CASE NUMBER:<br>**37-2023-00009628-CU-CR-CTL** |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1170385JR |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a.☒ Summons
   - b.☒ Complaint
   - c☒ Alternative Dispute Resolution (ADR) package
   - d☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e☐ cross-complaint
   - f.☒ other *(specify documents):* Notice of Case Assignment and Case Management Conference
3. a. Party served: *(specify name of party as shown on documents served):*
      Luxy Hair Co., a Nova Scotia Company
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
      Lulu Liang, Chief Executive Officer
4. Address where the party was served:  1250 N. Flyer Way, Suite 100
      Salt Lake City, UT 84116
5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*      (2) at: *(time)*

   - b. ☒ **by substituted service.** On *(date):* March 14, 2023      at: *(time)* 3:43 PM . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):* Jon Darling, Person Authorized to Accept Service
      - (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      *(city):*      **or** ☒ a declaration of mailing is attached.
      - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

**Exhibit F, Page 24**

| PLANTIFF/PETITIONER:  Rebekah Rodriguez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Luxy Hair Co., a Nova Scotia Company, et al. | 37-2023-00009628-CU-CR-CTL |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):                 (1) (city):
    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐  **by other means** (specify means of service and authorizing code section):
        ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐  as an individual defendant
   b. ☐  as the person sued under the fictitious name of (specify):
   c. ☒  on behalf of (specify): Luxy Hair Co., a Nova Scotia Company
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
   a.  Name: Lisa Rees
   b.  Address: 800 W. 1ST STREET, SUITE 200-B
       LOS ANGELES, CALIFORNIA 90012
   c.  Telephone number: **(213) 607-9000**
   d.  The fee for service was: $ 179.00
   e.  I am:

**USA Legal Network**

      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ registered California process server:
          (i)  ☐ owner  ☐ Employee  ☐ independent contractor.
          (ii)  ☐ Registration No.:
          (iii) ☐ County: State of UT

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
     Or
9.  ☐  I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: March 15, 2023

Lisa Rees
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)

Page 2 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

**Exhibit F, Page 25**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number & Address):*<br>SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br>E-MAIL: sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | TELEPHONE NO.:<br>(949) 706-6464<br><br>TRACKING NO.:<br>1170385JR | *FOR COURT USE ONLY* |
|---|---|---|

NAME OF COURT & DISTRICT/BRANCH, IF ANY:
San Diego County Superior Court of California

SHORT TITLE OF CASE:
Rebekah Rodriguez  vs  Luxy Hair Co., a Nova Scotia Company, et al.

| **DECLARATION OF MAILING** | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER:<br>37-2023-00009628-CU-CR-CTL |
|---|---|---|---|---|

At the time of service attempt(s), I  was at least 18 years old and not a party to the above noted action

1.  I served the:
    a.  documents:  **Summons; Complaint; Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Package; Notice of Case Assignment and Case Management Conference**

    b.  on *(name):*  Luxy Hair Co., a Nova Scotia Company

    c.  address:  1250 N. Flyer Way, Suite 100
                        Salt Lake City, UT 84116

    d.  by mailing
        1.  date:  March 14, 2023
        2.  from:  Los Angeles, CA

2.  Manner of service:
    ☒ FIRST CLASS, POSTAGE PREPAID MAILING
        ☐ CERTIFIED   ☐ NOT CERTIFIED

3.  At the time of service I was at least 18 years old and not a party to the action.

Process Server:
**ARA KAZARIAN**
800 W. 1ST St.., Suite 200-B
Los Angeles, CA  90012
(213) 607-9000

☒ Not A Registered California Process Server
☐ Registered California Process Server
☐ Registration No.:
☐ County:
☒ Fee for service:  $  179.00



USA Legal Network

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :


Date:  March 15, 2023                    Signature_____

# EXHIBIT G

## *202300009628, Rodriguez vs Luxy Hair Co*

CA Superior - San Diego

San Diego

**This case was retrieved on 04/11/2023**

## Header

**Case Number:** 202300009628
**Date Filed:** 03/08/2023
**Date Full Case Retrieved:** 04/11/2023
**Status:** Open
**Misc:** (51) Civil Rights; Civil

## Summary

**Judge**: Keri Katz
**Uniform Case Number**: 37-2023-00009628-CU-CR-CTL
**Case Category**: Civil - Unlimited
**Court Location**: Central
**Department**: C-74

## Participants

| Litigants | Attorneys |
|---|---|
| Rodriguez, Rebekah<br>**Plaintiff** | FERRELL, SCOTT J<br>Plaintiff<br>Address:PACIFIC TRIAL ATTORNEYS 4100 Newport Place Drive 800 Newport Beach CA 92660<br>(949) 706-6464 |
| | KNOWLES, VICTORIA C<br>Plaintiff<br>Address:4100 Newport Place Drive Ste 800 Newport Beach CA 92660<br>(949) 706-6464 |
| Luxy Hair Co<br>**Defendant** | Defendant |

## Calendar

| Date | Time | Location | Description |
|---|---|---|---|
| 08/11/2023 | 10:00 AM | C-74 | Civil Case Management Conference - Complaint |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 03/08/2023 | | Case assigned to Judicial Officer Katz, Keri. | |
| 03/08/2023 | | Original Summons filed by Rodriguez, | EntryType:<br>Original Summons (Warrants/Issuance |

**Exhibit G, Page 28**

202300009628, Rodriguez vs Luxy Hair Co

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| | | Rebekah.  Refers to: Luxy Hair Co | Returns)<br>FiledBy:<br>Rodriguez, Rebekah (Plaintiff) |
| 03/08/2023 | | Civil Case Cover Sheet filed by Rodriguez, Rebekah.  Refers to: Luxy Hair Co | EntryType:<br>Civil Case Cover Sheet (Cover Sheets)<br>FiledBy:<br>Rodriguez, Rebekah (Plaintiff) |
| 03/08/2023 | | Complaint filed by Rodriguez, Rebekah. Refers to: Luxy Hair Co | EntryType:<br>Complaint (Case Initiation)<br>FiledBy:<br>Rodriguez, Rebekah (Plaintiff) |
| 03/09/2023 | | Case initiation form printed. | EntryType:<br>Notice of Case Assignment SD |
| 03/09/2023 | | Civil Case Management Conference scheduled for 08/11/2023 at 10:00:00 AM at Central in C-74 Keri Katz. | |
| 03/09/2023 | | Summons issued. | |
| 03/27/2023 | | Proof of Service of 30-day Summons & Complaint - Substitute filed by Rodriguez, Rebekah.  Refers to: Luxy Hair Co | EntryType:<br>Proof of Service of 30-day Summons & Complaint - Substitute (Proof of Service - Case Initiating Document)<br>FiledBy:<br>Rodriguez, Rebekah (Plaintiff) |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

1

## **CERTIFICATE OF SERVICE**

2

All Case Participants are *NOT* registered for the USDC CM/ECF System

3

***Rebekah Rodriguez v. Luxy Hair Co.,***
***USDC – Southern District of California***

4

***Case No.:*** _____

5

**DECLARATION OF KENT J. SCHMIDT IN SUPPORT OF NOTICE OF**
**REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT**
**[28 U.S.C. §§ 1331, 1441 AND 1446]**

6

7

8

I hereby certify on April 11, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of California by using the CM/ECF System.

9

10

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

11

Participants in the case who are not registered CM/ECF Users will be served by the following method:

12

13

Pacific Trial Attorneys                                                    *Via Overnight Delivery*

14

A Professional Corporation
Scott J. Ferrell

15

sferrell@pacifictrialattorneys.com
Victoria C. Knowles

16

vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, STE 800

17

Newport Beach, CA 92660
Telephone:  (949) 706-6464 /

18

Facsimile:  (949) 706-6469

19

I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

20

21

22

DATED:  April 11, 2023                        DORSEY & WHITNEY LLP

23

24

By:  _____*/s/ Kent J. Schmidt*_____

25

Kent J. Schmidt

26

27

28