Kent J. Schmidt (SBN 195969)
schmidt.kent@dorsey.com
Jessica M. Leano (SBN 323677)
leano.jessica@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendant Luxy Hair Co.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LUXY HAIR CO., a Nova Scotia company and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO: 3:23-CV-00657-LAB-BLM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Filed Concurrently with Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities, Declaration of Kent J. Schmidt, and [Proposed] Order]<br><br>Date:　　June 12, 2023<br>Time:　　11:15 a.m.<br>Courtroom: 14A<br><br>Complaint Filed: March 8, 2023<br>Trial Date: Not set |

/ / /

/ / /

/ / /

Defendant Luxy Hair Co. ("Defendant" or "Luxy") respectfully requests that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of the following document and facts in support of its Motion to Dismiss Plaintiff's Complaint, as follows.

**Exhibit A** to the concurrently-filed Declaration of Kent J. Schmidt is a representative printout of the webpage titled "Before & After" on Defendant's public e-commerce website, which the Complaint references and purports to depict in an image. *See also Before & After*, Luxy Hair, www.luxyhair.com, https://www.luxyhair.com/pages/before-and-after?from=mobilemenu (last visited May 1, 2023).

Federal Rule of Evidence 201 provides for judicial notice of an adjudicative fact. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). And "[a] court may … consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "In general, websites and their contents may be judicially noticed." *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).

Closely related to judicial notice is the "incorporation by reference" doctrine. On a motion to dismiss, the Court may also consider documents under the "incorporation by reference" doctrine as long as "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (clarifying that the incorporation by reference doctrine enables the Court to consider other evidence on which the complaint "necessarily relies").

Judicial notice of **Exhibit A** is proper for a number of reasons.  The crux of Plaintiff's Complaint is that a Meta tracking pixel linked to a video on Defendant's website reports personally identifiable information to Meta, which Plaintiff contends violates the Video Privacy Protection Act ("VPPA").  (Compl., ¶¶ 28-34 (citing 18 U.S.C. § 2710 et seq.)).  As discussed in Defendant's Motion to Dismiss, the Complaint alleges that Defendant's website has video content and includes an image of a model wearing a Luxy Hair product, ostensibly screengrabbed from Luxy's website.  (Compl., ¶ 15.)

It is thus appropriate for the Court to consider what the website actually reflects. *See Knievel*, 393 F.3d at 1076-77 (granting defendant's request for judicial notice of webpages attached to motion to dismiss as "incorporated by reference" into the complaint where the webpages provided context on allegedly-defamatory content on defendant's website); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of a "screen shot" of LinkedIn's website which "appears between two screens cited in the FAC" in connection with motion to dismiss).

For instance, Plaintiff alleges that she is a "consumer" pursuant to 18 U.S.C. section 2710(b)(1) because she "subscribed to Defendant's newsletter" but provides no allegations explaining what this means.  (Compl., ¶ 21.)  As **Exhibit A** and the webpage[1] actually depict, like many e-commerce websites, Luxy allows a visitor to voluntarily submit an email address to receive promotional materials.  Neither the webpage nor the Complaint supports the conclusion that Plaintiff was required to submit her email address or any other information in order to view the video content alleged in the Complaint.  (Compl., ¶ 15.)

---

[1] *Before & After*, Luxy Hair, www.luxyhair.com, https://www.luxyhair.com/pages/before-and-after?from=mobilemenu (last visited May 1, 2023).

Thus, the Complaint's conclusory allegation as to "subscribing" appears to relate simply to signing up for offers, promotions, and other commercial messages, rather than an exchange of money for services, commitment, granted access to restricted video content, or any other indicia of a "subscription."

In cases like this one, federal courts have taken judicial notice of defendants' websites when the complaint alleges that a pixel on the defendant's website violates the VPPA, 18 U.S.C. § 2710, by transmitting a consumer's personally identifiable information to a third party. *See, e.g.*, *Stark v. Patreon, Inc.*, _F. Supp. 3d_, 2022 U.S. Dist. LEXIS 187602, at *15-16 (N.D. Cal., Oct. 13, 2022) (taking judicial notice of website submitted with defendant's motion to dismiss VPPA claim based on its use of a pixel as incorporated into the complaint); *In re Facebook, Inc.*, 402 F. Supp. 3d 767, 791 n.12 (N.D. Cal. 2019) (same); *see also Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 868-69 (N.D. Cal. 2022) (taking judicial notice of plaintiff's Twitter account, public posts, and other Twitter webpages as publicly-available documents submitted with Twitter's motion to dismiss plaintiff's claims for violation of various electronic communications laws).

For the above reasons, Defendant respectfully requests that the Court take judicial notice of **Exhibit A** in connection with its Motion to Dismiss.


Dated:  May 2, 2023                                    DORSEY & WHITNEY LLP

                                                       By:  _____
                                                           KENT J. SCHMIDT
                                                           JESSICA M. LEANO
                                                           Attorneys for Defendant Luxy Hair Co.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

***Rebekah Rodriguez v. Luxy Hair Co.,***
***USDC – Southern District of California***
***Case No.:  3:23-CV-00657 LAB (BLM)***

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I hereby certify on May 2, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated:  May 2, 2023                    DORSEY & WHITNEY LLP


By:  */s/ Kent J. Schmidt*
            Kent J. Schmidt